

U.S. Department of Justice

*Nathaniel R. Mendell*
*Acting United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*      *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 14, 2021

Carmine Lepore, Esq.
Lepore & Hochman, P.A.
One Sprague Street
Revere, MA 02151

    Re:    United States v. Vincent Caruso
           M.J. No. 21-MJ-01436
           Criminal No. _____

Dear Attorney Lepore:

    The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Vincent Caruso ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

    1.    <u>Change of Plea</u>

    Defendant will waive Indictment and plead guilty to Counts One, Two, Three and Four of an Information charging the following crimes:

- Count One, Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute, Cocaine, 400 Grams or More of Fentanyl, and Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(vi);

- Count Two, Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i);

- Count Three, Conspiracy to Possess Firearms in Furtherance of, and Use and Carry Firearms During and in Relation to, a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(o); and

- Count Four, Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a).

1

Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one.

The U.S. Attorney agrees not to charge Defendant with the following: Operation of a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848; and Possession of a Machine Gun in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(B)(ii), based on the conduct underlying the crimes charged in this case that is known to the U.S. Attorney at this time.

Defendant understands that as part of this Plea Agreement, the U.S. Attorney has agreed to not charge the Defendant with to Possession of a Machine Gun In Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(B)(ii), which carries a thirty year mandatory minimum sentence that must be served from and after the terms of imprisonment relating to the underlying drug trafficking crime, a term of supervised release of up to 5 years, a fine of up to $250,000, a mandatory special assessment of $100, and forfeiture to the extent alleged in the Information.

Defendant understands that as part of this Plea Agreement, the U.S. Attorney has agreed to not charge the Defendant with Engaging in a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848, which carries a mandatory minimum sentence of twenty years, and potential mandatory life imprisonment, depending on drug weight, a $2,000,000 fine, a term of supervised release of up to 5 years, a $100 mandatory special assessment, and forfeiture.

The Defendant understands that as part of this agreement, the U.S. Attorney is agreeing to not charge the Defendant with crimes that would subject him to a collective mandatory minimum penalty of at least 40 years in prison. The Defendant agrees that he is entering into this Plea Agreement, agreeing to waive indictment, and agreeing to the disposition set forth below, in part, based upon these charging concessions.

2. Penalties

Defendant faces the following mandatory minimum and maximum penalties:

- For Count One, alleging a violation of 21 U.S.C. § 846, 841(b)(1)(A)(vi), a mandatory minimum sentence of 10 years and up to life in prison, a term of supervised release of at least 5 years and up to life, a fine of up to $10,000,000, a mandatory special assessment of $100, and forfeiture to the extent charged in the Information;

- For Count Two, alleging a violation of 18 U.S.C. § 924(c)(1)(A)(i), a mandatory minimum sentence of 5 years and up to life in prison, the sentence for this count is to be served from and after the term of imprisonment imposed for Count One, a term of supervised release of up to 5 years, a fine of up to $250,000, a $100 special assessment, and forfeiture to the extent alleged in the Information;

- For Count Three, alleging a violation of 18 U.S.C. § 924(o), because the charge alleges

a machine gun, a period of incarceration of up to life in prison, a term of supervised release of up to 5 years, a fine of up to $250,000, a mandatory special assessment of $100, and forfeiture to the extent alleged in the Information; and

- For Count Four, alleging a violation of 18 U.S.C. § 1951(a), a period of incarceration of up to 20 years in prison; supervised release for up to 3 years; a fine of up to $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent alleged in the Information.

Defendant understands that, if he is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw his plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw his guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "Offense Level" under the Guidelines is 36:

(a) Base Offense Level, Count One:

1. Defendant's base offense level is 36, because Defendant is responsible for at least at least 12 kilograms but less than 36 kilograms of Fentanyl (USSG § 2D1.1(c)(2));[1]

2. Defendant's offense level is increased by 3, because the Defendant was a

---

[1] The Defendant's offense level is not increased by 2 for possession of a dangerous weapon (including a firearm) (USSG § 2D1.1(b)(1)), because the Defendant is charged in Count Two with a violation of 18 U.S.C. § 924(c) relating to Count One. *See* USSG 2K2.4, cmt. 4 ("If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.").

    manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive (USSG § 3B1.1(b)); and

    3. The Adjusted Offense Level for Count One is 39.

(b) Base Offense Level, Count Two

    1. Defendant's guideline sentence is the minimum term of imprisonment required by statute (USSG § 2K2.4(b)), which is 60 months from and after the term of imprisonment imposed for Count One. See 18 U.S.C. § 924(c)(1)(A), (D).

(c) Base Offense Level, Count Three:

    1. Defendant's base offense level is 20, because Defendant was a prohibited person at the time of the offense, and the offense involved a (I) semiautomatic firearm that is capable of accepting a large capacity magazine or (II) firearm that is described in 26 U.S.C. § 5845(a) (USSG § 2K2.1(a)(4)(B)(i));

    2. Defendant's offense level is increased by 4, because the offense involved 8 to 24 firearms (USSG § 2K2.1(b)(1)(B));

    3. Defendant's offense level is increased by 4, because any firearm had an altered or obliterated serial number (USSG § 2K2.1(b)(4)(B));

    4. Defendant's offense is increased by 4, because the Defendant used or possessed any firearm or ammunition in connection with another felony offense (USSG § 2K2.1(b)(6)(B)); and

    5. The Offense Level for Count Three is 32.

(d) Base Offense Level, Count Four:

    1. Defendant's base offense level is 20, because Defendant is responsible for a robbery (USSG § 2B3.1(a));

    2. Defendant's offense level is increased by 4, because a dangerous weapon was otherwise used (USSG § 2B3.1(b)(2)(D);

    3. Defendant's offense level is increased by 2, because the victim suffered bodily injury (USSG § 2B3.1(b)(3)(A)); and

    4. Defendant's offense level is increased by 1 because the loss was more than $20,000 but not more than $95,000 (USSG § 2B3.1(b)(7)(B)).

    5. The Total Offense Level for Count Four is 27.

(e)     Grouping

Pursuant to USSG § 3D1.2(b) & (c), Count One, and Count Three are closely related. Pursuant to USSG § 3D1.3(a), the offense level applicable to the Group is the offense level for the most serious of the counts comprising the Group.

Count Two is not subject to the grouping rules. See USSG § 2K2.4(b) ("if the defendant, whether or not convicted of another crime, was convicted of violating section 924(c) or section 929(a) of title 18, United States Code, the guideline sentence is the minimum term of imprisonment required by statute. Chapters Three and Four shall not apply to that count of conviction.").

Count Four is not closely related to Count One and Count Three. Therefore, Count Four comprises a separate group (Group Two).

The Adjusted Offense Level for Group One is 39. The Offense Level for Group Two is 27. The Offense Level of Group One is more than nine levels greater than Group Two. Therefore, Group One comprises one Unit, and Group Two comprises zero Units. See USSG § 3D1.4(c) ("Disregard any Group that is 9 or more levels less serious than the Group with the highest offense level.").

Accordingly, the Offense Level for Count One is the most serious and the Defendant's Total Adjusted Offense Level after applying the grouping guideline is therefore 39.

(f)     Acceptance of Responsibility

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, the U.S. Attorney agrees to recommend that the Court reduce Defendant's Total Adjusted Offense Level by 3 levels under USSG § 3E1.1.

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.     Agreed Disposition

The parties agree on the following sentence:

    a) incarceration for between 180 and 240 months;

    b) no fine;

    c) 60 months of supervised release;

    d) a mandatory special assessment of $400, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

    e) forfeiture as set forth in Paragraph 7.

Upon acceptance of this Plea Agreement by the Court, the Essex District Attorney has agreed to dismiss Essex Superior Court, Docket No. 2077CR00071, and Salem District Court, Docket No. 2136CR000401. The parties agree that the conduct charged in Essex Superior Court, Docket No. 2077CR00071, and Salem District Court, Docket No. 2136CR000401 is relevant conduct to the offenses charged in the Information.

The parties agree that the time for which the Defendant was held in official detention for the cases charged in Lynn District Court, Docket No. 2013CR00162, Lynn District Court, Docket No. 2013CR001236; and Essex Superior Court, Docket No. 2077CR00071, relates to offenses for which the Defendant is to be charged in the Information, and constitutes creditable time served. See 18 U.S.C. § 3585(b). The parties agree that the time has not been credited against another sentence.

    6. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) He will not challenge his <u>sentence</u>, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of a sentence within the range agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

7.     <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

1. Assets seized on June 30, 2021:
   a. two medallions;
   b. one gold colored Rolex watch;
   c. one Audemar watch;
   d. a Glock 36, .45 caliber pistol, bearing serial number BGHT946;
   e. a Taurus PT145 handgun;
   f. a Smith & Wesson .357 revolver bearing serial number 17548;
   g. a Glock 43 caliber 9mm firearm, bearing serial number ADYB131;
   h. a Ruger Red Redhawk 44 Magnum Sig Shot bearing serial number 50404788;
   i. a Glock 17, Gen 4, 9mm firearm;
   j. a Glock 30, .40 caliber firearm with magazine and bullets;
   k. a 12 gauge sawed off shotgun, bearing serial number H553071;
   l. a Marlin No. 44 firearm;
   m. assorted ammunition and firearm accessories, including:
      a. a .40 caliber handgun magazine with six rounds of ammunition;
      b. a large capacity pro magazine with ammunition;
      c. a 9 mm magazine;
      d. a magazine and ammunition;
      e. two filled drum magazines and one unfilled magazine'

        f. a magazine for Taurus PT145 with six rounds of .45 caliber ammunition;
        g. three .357 magnum rounds;
        h. one 9 mm Luger round;
        i. one .45 caliber Winchester round;
        j. a loaded .45 caliber magazine;
        k. a loaded 9 mm extended magazine;
        l. one 8 mm Luger round;
        m. a .45 caliber ACP magazine; and
        n. assorted .45 caliber ACP and .44 Magnum ammunition;
- n. $941 in United States currency;
- o. $8,500 in United States currency;
- p. $34,850 in United States currency;
- q. $33,702 in United States currency;
- r. $646 in United States currency;
- s. one PASEK key;
- t. a Yamaha Banshee 350 ATV, seized in Salem, MA;
- u. a Custom ATV, seized in Salem, MA;
- v. a Kawasaki KX85 dirt bike, seized in Salem, MA; and
- w. assorted electronics, including:
    - a. two midnight blue Apple iPhones;
    - b. one SanDisk ultra PLUS SD 64 GB card;
    - c. one red and black SanDisk Cruzer Blade 16GB USB;
    - d. one black Samsung smartphone;
    - e. one silver iLok USB, bearing serial number 002B9A88;
    - f. one Dell laptop, bearing serial number 97F7M13;
    - g. one HP laptop bearing serial number CND6235369;
    - h. one rose colored iPhone, model number A1549;
    - i. one white Samsung tablet; and
    - j. one Lenovo tablet bearing serial number HAOKPQBM.
2. Assets seized on May 8, 2018 in Danvers, MA:
    a. $33,585 in United States currency.
3. Assets seized on June 18, 2020 in Salem, MA:
    a. $3,669 in United States currency; and
    b. $61,700 in United States currency.

    Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offenses, they were used to facilitate Defendant's offenses, and/or they were involved in Defendant's offenses. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution,

cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8.      Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9.      Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages

in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*   *   *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Philip A. Mallard.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By: _____
Timothy E. Moran
Chief, Organized Crime and Gang Unit
Michael Crowley
Deputy Chief, Organized Crime and Gang Unit

_____
Philip A. Mallard
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I understand that the United States Attorney's Office has agreed to not bring certain charges for crimes that I have committed. I have discussed the mandatory minimum and maximum penalties that apply for those crimes with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_Vincent Caruso_
Vincent Caruso
Defendant

Date: 10-18-21

I certify that Vincent Caruso has read this Agreement and that we have discussed what it means. I believe Vincent Caruso understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_Carmine Lepore_
Carmine Lepore, Esq.
Attorney for Defendant

Date: 10-25-21