UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 21-10312-DJC |
| | ) | |
| v. | ) | Violations: |
| | ) | |
| VINCENT CARUSO, | ) | Count One: Conspiracy to Manufacture, Distribute |
| a/k/a "Fatz", | ) | and to Possess with Intent to Distribute Cocaine, 400 |
| | ) | Grams or More of Fentanyl, Marijuana, and Other |
| Defendant. | ) | Controlled Substances |
| | ) | (21 U.S.C. § 846) |
| | ) | |
| | ) | Count Two: Conspiracy to Use and Carry a Firearm |
| | ) | During and in Relation to, and Possess a Firearm in |
| | ) | Furtherance of, a Drug Trafficking Crime |
| | ) | (18 U.S.C. § 924(o)) |
| | ) | |
| | ) | Count Three: Use and Carrying of a Firearm During |
| | ) | and in Relation to, and Possession of a Firearm in |
| | ) | Furtherance of, a Drug Trafficking Crime |
| | ) | (18 U.S.C. §§ 924(c)(1)(A) and (B)(ii); 18 U.S.C. § 2) |
| | ) | |
| | ) | Count Four: Conspiracy to Interfere with Commerce |
| | ) | by Robbery |
| | ) | (18 U.S.C. § 1951(a)) |
| | ) | |
| | ) | Count Five: Money Laundering Conspiracy |
| | ) | (18 U.S.C. § 1956(h)) |
| | ) | |
| | ) | Drug Forfeiture Allegation: |
| | ) | (21 U.S.C. § 853) |
| | ) | |
| | ) | Firearm Forfeiture Allegation: |
| | ) | (18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)) |
| | ) | |
| | ) | Robbery Forfeiture Allegation: |
| | ) | (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)) |
| | ) | |
| | ) | Money Laundering Forfeiture Allegation: |
| | ) | (18 U.S.C. § 982(a)(1)) |

INDICTMENT

COUNT ONE
Conspiracy to Manufacture, Distribute and to Possess with Intent to Distribute Cocaine, 400 Grams or More of Fentanyl, Marijuana, and Other Controlled Substances
(21 U.S.C. § 846)

The Grand Jury charges:

From a date unknown to the Grand Jury, but from at least on or about January 1, 2018, and continuing until June 30, 2021, in Boston, Burlington, Danvers, Everett, Lynn, Malden, Revere, Peabody, Salem, and Saugus, in the District of Massachusetts, and elsewhere, the defendant,

VINCENT CARUSO, a/k/a "Fatz",

conspired with other persons known and unknown to the Grand Jury, to knowingly and intentionally manufacture, distribute and possess with intent to distribute controlled substances, that is, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl, a Schedule II controlled substance, marijuana, a Schedule I controlled substance, and other controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi), is applicable to this Count.

It is further alleged that, with respect to Count One, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, VINCENT CARUSO, a/k/a "Fatz". Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to VINCENT CARUSO, a/k/a "Fatz".

All in violation of Title 21, United States Code, Section 846.

COUNT TWO
Conspiracy to Use and Carry a Firearm During and in Relation to, and
Possess a Firearm in Furtherance of, a Drug Trafficking Crime
(18 U.S.C. § 924(o))

The Grand Jury further charges:

From a date unknown to the Grand Jury, but from at least on or about January 1, 2018, and continuing until June 30, 2021, in Boston, Burlington, Danvers, Everett, Lynn, Malden, Revere, Peabody, Salem, and Saugus, in the District of Massachusetts, and elsewhere, the defendant,

VINCENT CARUSO, a/k/a "Fatz",

conspired with persons known and unknown to the Grand Jury, to use and carry one or more firearms during and in relation to, and knowingly possess one or more firearms in furtherance of, a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to manufacture, distribute and possess with intent to distribute cocaine, 400 grams or more of fentanyl, marijuana and other controlled substances, in violation of 21 U.S.C. § 846, as charged in Count One of this Indictment.

It is further alleged that with respect to Count Two that at least one firearm is a machinegun, as defined by 18 U.S.C. § 921(a)(23) and 26 U.S.C. § 5845(b). Accordingly, the aggravated penalty set forth in Title 18, United States Code, Section 924(o) is applicable to VINCENT CARUSO, a/k/a "Fatz".

All in violation of Title 18, United States Code, Section 924(o).

COUNT THREE
Use and Carrying of a Firearm During and in Relation to, and
Possession of a Firearm in Furtherance of, a Drug Trafficking Crime
(18 U.S.C. §§ 924(c)(1)(A) and (B)(ii); 18 U.S.C. § 2)

The Grand Jury further charges:

From a date unknown to the Grand Jury, but from at least on or about January 1, 2018, and continuing until June 30, 2021, in Boston, Burlington, Danvers, Everett, Lynn, Malden, Revere, Peabody, Salem, and Saugus in the District of Massachusetts, and elsewhere, the defendant,

VINCENT CARUSO, a/k/a "Fatz"

did use and carry one or more firearms during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to manufacture, distribute and possess with intent to distribute cocaine, 400 grams or more of fentanyl, marijuana and other controlled substances, in violation of 21 U.S.C. § 846, as charged in Count One of this Indictment, and did knowingly possess one or more firearms in furtherance of said drug trafficking crime.

It is further alleged with respect to Count Three that at least one of the firearms is a machinegun, as defined by 18 U.S.C. § 921(a)(23) and 26 U.S.C. § 5845(b). Accordingly, Title 18, United States Code, Section 924(c)(1)(B)(ii), is applicable to VINCENT CARUSO, a/k/a "Fatz".

All in violation of Title 18, United States Code, Sections 924(c)(1) (A) and (B)(ii) and 2.

<u>COUNT FOUR</u>
Conspiracy to Interfere with Commerce by Robbery
(18 U.S.C. § 1951(a))

The Grand Jury further charges:

On or about March 5, 2020, in Saugus, in the District of Massachusetts, and elsewhere, the defendant,

VINCENT CARUSO, a/k/a "Fatz",

conspired with persons known and unknown to the Grand Jury, to obstruct, delay, and affect, in any way and degree, commerce and the movement of any article and commodity in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951; that is, unlawfully taking and obtaining personal property from the person and in the presence of Victim 1, an individual engaged in drug trafficking, that is, approximately $18,000 in cash, and jewelry, against Victim 1's will and by means of actual and threatened force, violence, and fear of injury, immediate and future to his person.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT FIVE
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury further charges:

From a date unknown to the Grand Jury, but from at least on or about January 1, 2018 and continuing until June 30, 2021, in Danvers, Lynn, Malden, Revere, Peabody, Salem, and Saugus, in the District of Massachusetts, and elsewhere, the defendant,

VINCENT CARUSO, a/k/a "Fatz",

conspired with persons known and unknown to the Grand Jury to:

(a) conduct and attempt to conduct financial transactions, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity that is, conspiracy to manufacture, distribute and to possess with intent to distribute cocaine, 400 grams or more of fentanyl, marijuana and other controlled substances, in violation of 21 U.S.C. § 846, as charged in Count One of this Indictment, with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

(b) conduct and attempt to conduct financial transactions, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, conspiracy to manufacture, distribute and to possess with intent to distribute cocaine, 400 grams or more of fentanyl, marijuana and other controlled substances, in violation of 21 U.S.C. § 846, as charged in Count One of this Indictment, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity,

in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(c) knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, where such property was derived from specified unlawful activity, that is, conspiracy to manufacture, distribute and to possess with intent to distribute cocaine, 400 grams or more of fentanyl, marijuana, and other controlled substances, in violation of 21 U.S.C. § 846, as charged in Count One of this Indictment, in violation of Title 18, United States Code, Section 1957(a).

All in violation of Title 18, United States Code, Section 1956(h).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendant,

VINCENT CARUSO, a/k/a "Fatz",

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, the following assets:

   a. Assets seized on June 30, 2021:
      i. two medallions;
      ii. one gold colored Rolex watch;
      iii. one Audemars Piguet watch;
      iv. $941 in United States currency;
      v. $8,500 in United States currency;
      vi. $34,850 in United States currency;
      vii. $33,702 in United States currency;
      viii. $646 in United States currency;
      ix. one PASEK key;
      x. a Yamaha Banshee 350 ATV, seized in Salem, MA;
      xi. a Custom ATV, seized in Salem, MA;
      xii. a Kawasaki KX85 dirt bike, seized in Salem, MA; and
   a. Assets seized on May 8, 2018 in Danvers, MA:
      i. $33,585 in United States currency.
   b. Assets seized on June 18, 2020 in Salem, MA:
      i. $3,669 in United States currency; and
      ii. $61,700 in United States currency.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

   a. cannot be located upon the exercise of due diligence;

9

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

    All pursuant to Title 21, United States Code, Section 853.

FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 924, set forth in Count Two and Count Three, the defendant,

VINCENT CARUSO, a/k/a "Fatz",

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

   a. Miscellaneous firearms and accessories, including, but not limited to:
      i. a Ruger Model P95DC 9 mm pistol bearing serial number 314-62462;
      ii. a Sig Sauer firearm;
      iii. a Witness handgun;
      iv. two Ruger firearms;
      v. a firearm;
      vi. four Ruger 9mm magazines;
      vii. one Ruger magazine;
      viii. seven .22 caliber rounds of ammunition;
      ix. one Witness magazine;
      x. Springfield 9mm magazines; and
      xi. additional firearm accessories.
   b. a Glock 36, .45 caliber pistol, bearing serial number BGHT946;
   c. a Taurus PT145 handgun;
   d. a Smith & Wesson .357 revolver bearing serial number 17548;
   e. a Glock 43 caliber 9mm firearm, bearing serial number ADYB131;
   f. a Ruger Red Redhawk 44 Magnum Sig Shot bearing serial number 50404788;
   g. a Glock 17, Gen 4, 9mm firearm;
   h. a Glock 30, .40 caliber firearm with magazine and bullets;
   i. a 12 gauge sawed off shotgun, bearing serial number H553071;
   j. a Marlin No. 44 firearm; and
   k. assorted ammunition and firearm accessories, including:
      i. a 40 caliber handgun magazine with six rounds of ammunition;
      ii. a large capacity pro magazine with ammo;
      iii. a 9 mm magazine;
      iv. a magazine and ammo;
      v. two filled drum magazines and one unfilled magazine'
      vi. a magazine for Taurus PT145 with six rounds of .45 caliber ammunition;

11

      vii. three .357 magnum rounds;
     viii. one 9 mm Luger round;
       ix. one .45 caliber Winchester round;
        x. a loaded .45 caliber magazine;
       xi. a loaded 9 mm extended magazine;
      xii. one 8 mm Luger round;
     xiii. a .45 caliber ACP magazine; and
     xiv. assorted .45 caliber ACP and .44 Magnum ammunition.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

ROBBERY FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1951, set forth in Count Four, the defendant,

VINCENT CARUSO, a/k/a "Fatz",

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant--

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h), set forth in Count Five, the defendant,

VINCENT CARUSO, a/k/a "Fatz",

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

   a. Assets seized on June 30, 2021:
      i. two medallions;
      ii. one gold colored Rolex watch;
      iii. one Audemars Piguet watch;
      iv. $941 in United States currency;
      v. $8,500 in United States currency;
      vi. $34,850 in United States currency;
      vii. $33,702 in United States currency;
      viii. $646 in United States currency;
      ix. one PASEK key;
      x. a Yamaha Banshee 350 ATV, seized in Salem, MA;
      xi. a Custom ATV, seized in Salem, MA;
      xii. a Kawasaki KX85 dirt bike, seized in Salem, MA; and
   b. Assets seized on May 8, 2018 in Danvers, MA:
      i. $33,585 in United States currency.
   c. Assets seized on June 18, 2020 in Salem, MA:
      i. $3,669 in United States currency; and
      ii. $61,700 in United States currency.

7. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

14

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

      All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

_____
FOREPERSON

_____
PHILIP A. MALLARD
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: JANUARY ____, 2022
Returned into the District Court by the Grand Jurors and filed.

/s/ Dawn M. King   1/19/22 12:29pm
_____
DEPUTY CLERK