UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                                                                                   DOCKET 21-cr-10312-DJC

VINCENT CARUSO

**DEFENDANT'S SENTENCING MEMORANDUM**

The defendant, Vincent Caruso, through counsel, respectfully submits this memorandum to assist this Honorable Court in sentencing in the above captioned matter. The sentencing follows Mr. Caruso's guilty plea pursuant to Rule 11(c)(1)(C) to a five count indictment charging Conspiracy to Manufacture and Distribute cocaine, fentanyl and Methamphetamine; Conspiracy to Use and Carry a Firearm During and in relation to A Drug trafficking crime; Use and Carry a Firearm During and in relation to A Drug trafficking crimel; Conspiracy to Interfere with Commerce by Robbery and Money Laundering.

**DEFENDANT'S PERSONAL CHARACTERISTICS**

Mr. Caruso is 27 years old engaged father of one son age 3 and a step son age 4. was born in Salem and raised in Swampscott until age 13 when his parents divorced. After their divorce Vincent lost contact with his father and was raised by his mother. His mother struggled over the years to support Vincent and his two sisters; as a result they were constantly moving and at times were homeless. Vincent had no stability in his life and the constant moving and instability resulted in his leaving school and on more than one occasion not finishing a school year. Ultimately he dropped out of high school in the 9th grade.

1

At age five Vincent was diagnosed with severe ADD and ADHD. At age ten he was also diagnosed with Bipolar Disorder. The divorce of his parents and the financial hardship that resulted in the constant moving and periods of homelessness exacerbated his mental health struggles. He was receiving treatment and counseling and prescribed medications to help his mental health stabilized. However, at age 11 he accidentally overdosed on his prescription.

Despite his childhood struggles and essentially being abandoned by his father, Vincent strived to be a good and loving father to his son, and his step son who he treated and loved as his own. Notwithstanding his conduct in this matter, he is a loving and caring family man that put his family first. Excerpts from a portion of the letters provided to the court help provide the Court with some background as to Vincent's character.

*"I have known Vinny for more than five years…I was living in an unstable environment after my father died of an overdose. Vinny immediately move us in with him and was very consoling and made us feel safe. My children fell in love with him and he treated them as his own… " (Excerpt from letter from Patrice Gianareles)*

*"…when I was younger he taught me how to ride a bike and tie my shoes he's always played that protective big brother role which was needed due to my moms alcohol addiction and my father and mother breaking up…" (Excerpt from letter from Melissa Caruso)*

*"we are the grandparents of Vincent Caruso…We are writing this letter to try and show you a different side of our grandson a s a child growing up he was very well liked in our community and very helpful to his peers he always been loving and compassionate towards others…his life wen t upside down when my daughter and son in law got a divorce him not having a father physically made an impact on him" (Excerpt from letter from Matilda and Antonio Campagna.)*

*"Im writing this letter just to say what a good father and influence Vinny has turned out to be, despite his current situation he's always been a good person. He is one of the most selfless people I know…Vinny is the type of person that would do anything for anyone no questions asked. He has a lot of family and friends that support him as he goes through this tough time." (Excerpt from letter from Rikki Guilford)*

*Criminal history*

Although Vincent is a relatively low criminal history category at Category 2, his history is somewhat overstated.  He received one point for a Continued Without a Finding in the Lynn District Court when he was 18 years old.  The facts are that he verbally threatened another student because she was harassing him.  A search of his room was conducted and no weapons were found.  Vincent's mother advised the police that she is working with the school to try and get Vincent the mental health treatment he desperately needed.

He received 1 point for a Guilty plea to a charge of Breaking and Entering to Commit a Misdemeanor a violation of M.G.L. c 266 16A.  Chapter 266 § 16A is a misdemeanor as the maximum punishment is six (6) months imprisonment.  He was in custody due to the bail being revoked on this case, so he was advised to plead guilty to time served (15 days) so he would be released from custody.

Again, although the guidelines recognize those dispositions as prior convictions for purposes of calculating someone's criminal history category, the circumstances behind the charges and the dispositions more accurately depict someone with little to no criminal history.

**RECOMMENDATION**

At sentencing the Court's duty is to "impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); 18 U.S.C. § 3553(a).  Such a sentence is one that is "minimally

sufficient to achieve the broader goals of sentencing." *United States v. Rodriguez,* 527 F.3d 221, 228 (1st Cir. 2008).

18 U.S.C. § 3553(a) dictates that the goals of sentencing are to impose a sentence that (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (2) affords adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant. In fashioning a sentence consistent with this goal, the court must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

While the guidelines are a starting point for determining a fair and just sentence, "The Guidelines are not only not mandatory; they are also not to be presumed reasonable." *Nelson v. United States,* 555 U.S. 350, 352 (2009). Departure is appropriate when "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines . . ." 18 U.S.C. §3553(b). In reaching a just and reasonable sentence the Court must consider all of the § 3553(a) factors and make an individualized assessment based on the facts presented. *Gall v. United States,* 552 U.S. 38, 49-50 (2007).

For all the aforementioned reasons and considering the defendant's lack of criminal record, age, very early acceptance of responsibility and other mitigating factors a sentence of 180 months (120 months on Counts 1, 2, 3 & 4, 60 months on an after on Count 2) followed by 3 years of supervised release reflects the seriousness of the offense, promotes respect for the law, is a "sufficient sentence but not greater than necessary to

accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); 18 U.S.C. § 3553(a).  The defendant respectfully requests that Your Honor recommend placement in the Residential Drug Abuse Program (RDAP) to address his alcohol and gambling addictions.

Respectfully Submitted  
Vincent Caruso  
By his attorney  
/s/ *Carmine P. Lepore, Esq.*  
Carmine P. Lepore  
Lepore & Hochman, P.A.  
One Sprague Street  
Revere, MA 02151  
(781) 286-8800  
BBO # 564603

June 27, 2022

## CERTIFICATE OF SERVICE

I, Carmine Lepore, attorney for the defendant, certify that this document filed through the EFC System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Carmine P. Lepore, Esq.*  
Carmine P. Lepore